IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

FILED
JUL 3 0 2007
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY_____ DEPUTY

DAVID BROCK and PEGGY BROCK, )
                Plaintiffs, )
                 )
vs. )   No. CIV-07-477-W
                 )
ZURICH AMERICAN INSURANCE )
COMPANY, )
                Defendant. )

## ORDER

Plaintiffs David Brock and Peggy Brock brought this action on January 19, 2007, against defendant Zurich American Insurance Company ("Zurich") in the District Court for Oklahoma County, Oklahoma. The Brocks alleged that David Brock was a truck driver who worked on a contract basis with Melton Truck Lines, Inc. ("Melton"), that through his relationship with Melton, he purchased an occupational insurance policy from Zurich, that he suffered a traumatic injury to his head while loading his truck trailer in New Jersey, that shortly thereafter he also suffered a stroke while performing the duties of his job in Texas, that he submitted claims to Zurich and that Zurich failed to pay his medical bills or provide any disability income. The Brocks asserted causes of action against Zurich for breach of contract and breach of the implied duty of good faith and fair dealing and sought actual and punitive damages.

Zurich removed the matter on April 23, 2007, and alleged that the Court had subject matter jurisdiction over this action under title 28, section 1332 of the United States Code because the citizenship of the parties was diverse and because the amount in controversy exceeded the sum of $75,000.00, exclusive of interest and costs.

The matter now comes before the Court on Zurich's Motion to Transfer filed pursuant to title 28, section 1404(a) of the United States Code. The Brocks have responded in opposition, and Zurich has filed a reply. Based upon the record, the Court makes its determination.

Section 1404(a) provides that

> "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought."

28 U.S.C. § 1404(a).

The Court's initial inquiry under this statute is whether the action "might have been brought" in the first instance in the United States District Court for the Eastern District of Tennessee, the proposed transferee forum. The Court must determine whether the district court in that forum not only would have jurisdiction over the subject matter of the action, but also would have in personam jurisdiction over Zurich. The Court must further decide whether venue would be proper in that district.

Based upon the record, it appears that the action might have been brought in the Eastern District of Tennessee. The Brocks are residents and citizens of Tennessee; Zurich is incorporated, and has its principal place of business, in a state other than Tennessee. The district court in the Eastern District of Tennessee would therefore likewise have subject matter jurisdiction over this litigation under section 1332 based upon the diversity of the parties' citizenship and the requisite amount in controversy. Furthermore, because Zurich is authorized to do business in Tennessee, that judicial district would have personal jurisdiction over Zurich, and venue would be proper. E.g., 28 U.S.C. § 1391.

2

Section 1404(a) also requires the Court to consider the convenience to the parties, both individual and corporate, and the witnesses. Because the plaintiffs live in Tennessee, they no doubt will incur personal expense due to a trial in this state. A trial in the Eastern District of Tennessee would therefore be more convenient to the plaintiffs.

In evaluating the convenience to Zurich, the Court looks to the residences of the employees to be called as witnesses since it is the convenience of these individuals that is used to measure the convenience to a corporate party. Zurich identified only one potential corporate witness, Karen Switzer, the claims specialist who handled David Brock's claim. She is employed by Zurich in Parsippany, New Jersey.

Ms. Switzer will incur expense whether the trial is held in Oklahoma or Tennessee. No party however discussed the severity of the inconvenience by, nor any acute hardships peculiar to, any party as a result of trial in Oklahoma or Tennessee or demonstrated that any potential party witness would be unwilling to travel to Oklahoma for trial.

As to the convenience to nonparties and nonemployee witnesses, Zurich has focused on David Brock's health care providers, their residences and their roles. E.g., Scheidt v. Klein, 956 F.2d 963, 966 (10th Cir. 1992)(some factual information relative to materiality of witnesses must be supplied). David Brock suffered his head injury in New Jersey;[1] he suffered his stroke in Laredo, Texas, and he was admitted to Doctors Hospital of Laredo. After he was treated by inter alios, Dr. Alex Blanco, and discharged, David Brock returned to Tennessee and was first treated by his primary care physician, Dr. Jay Patel, in Tazewell, Tennessee, and then by a neurologist, Dr. Jack E. Scariano, in

---

[1] Neither the plaintiffs nor the defendant identified as a witness any medical care provider who resides and/or practices in New Jersey, that treated David Brock at the time of his head injury.

3

Knoxville, Tennessee. Dr. Scariano was also asked by Zurich to submit a review of a third-party analysis that Zurich obtained with respect to David Brock's medical condition. That analysis was presumably performed by Ravi Tikco, M.D., who resides in neither Tennessee, Oklahoma nor Texas.

Zurich has argued that David Brock's medical condition and treatment are key issues to this lawsuit and that a trial in Tennessee would be significantly more convenient and less costly to Dr. Patel and Dr. Scariano. As to Dr. Tikco and Dr. Blanco, a trial in either Oklahoma or Tennessee would be inconvenient; a transfer would not eliminate that inconvenience No showing however has been made that any one of these health care providers would be unwilling to travel to Oklahoma for trial or that the depositional testimony of any such witness would be unsuitable.

In evaluating convenience to witnesses, the Court does not merely weigh the number of witnesses to be called by the parties. Rather, it must consider the witnesses' proposed testimony and determine the materiality thereof since the testimony of one potentially unavailable key witness may outweigh the testimony of a greater number of less important witnesses. In light of the allegation in the Brocks' complaint that their tort claim rests upon Zurich's refusal to accept the opinion of David Brock's neurologist, Dr. Scariano, a Tennessee resident, the Court finds a change of venue would greatly enhance the convenience to the plaintiffs' primary witnesses.

The final factor that bears on the Court's decision is whether a transfer is required "in the interest of justice." Many elements constitute this factor.

The Court may consider the relative ease of access to sources of proof. No doubt the majority of the records necessary to prove the Brocks' claims are located in

4

Tennessee, either at the Brocks' residence or at the offices of their health care providers. Those records necessary to Zurich's defense are located primary in New Jersey. While the location as well as the availability of such documentary evidence is to be considered, they are not entitled to great weight since records, or copies thereof, may be easily transported.

This factor also requires the Court to examine the relationship, if any, between the litigation and Oklahoma. This element has increased importance where there are significant connections between the forum state and the events giving rise to the lawsuit. Conversely, it has reduced value where there are few, if any, significant connections between the forum and the events or conduct underlying the causes of action. Based upon the instant record, the Court finds that the Brocks' choice of forum is entitled less deference since they are not residents of, and the action has no meaningful ties to, this state. The Eastern District of Tennessee, on the other hand, would have a greater interest in resolving this dispute between two plaintiffs who are Tennessee residents and who have grounded their case in part on the opinion of a Tennessee health care provider and a corporate defendant that is doing business in that state.

The Brocks have relied upon the language in the truckers occupational accidental insurance policy issued by Zurich to Melton in Tulsa, Oklahoma, that reads that "[t]his Policy is governed by the laws of the state in which it is delivered." The Brocks however have not identified any witnesses employed by Melton who may be called regarding the delivery of this Policy or regarding any issues as to its effectiveness, applicability and language. Furthermore, there has been no showing that the Eastern District of Tennessee

cannot correctly apply Oklahoma law, to the extent, if any, it is applicable to the facts in this case.

The burden of showing that a transfer is warranted is on the movant, and unless the evidence and circumstances clearly and strongly favor the requested transfer, the plaintiffs' choice of forum is rarely disturbed. "Merely shifting the inconvenience from one side to the other . . . obviously is not a permissible justification for a change of venue." 956 F.2d at 966 (citation omitted). In this case, however, a transfer would not shift any burden to the plaintiffs.

Section 1404(a) requires an individualized, case-by-case consideration of convenience, fairness and other relevant factors. E.g., Van Dusen v. Barrack, 376 U.S. 612 (1964)(purpose of section 1404(a) to prevent waste of time, energy and money and protect litigants, witnesses and public against unnecessary inconvenience and expense). The Court finds in its discretion upon balance of these factors that Zurich has sufficiently demonstrated that the requested transfer to the Eastern District of Tennessee would enhance the convenience to the parties and the witnesses and, by reducing the monetary expenses and practical difficulties associated with, and caused by, a trial in this forum, advance the interest of justice.

Accordingly, the Court

(1) GRANTS the Motion to Transfer filed by Zurich on June 28, 2007; and

(2) DIRECTS the Clerk of this Court to TRANSFER this matter to the United States District Court for the Eastern District of Tennessee.

ENTERED this 30 day of July, 2007.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

6

Case 3:07-cv-00318   Document 1   Filed 08/16/07   Page 6 of 6   PageID #: <pageID>