IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

FILED IN THE DISTRICT COURT
OKLAHOMA COUNTY, OKLA.

JAN 1 9 2007

PATRICIA PRESLEY, COURT CLERK
by _____
DEPUTY

| | |
|---|---|
| DAVID BROCK and PEGGY BROCK, husband and wife, | ) |
| Plaintiffs, | ) |
| v. | ) Case No. |
| ZURICH AMERICAN INSURANCE CO., | ) |
| Defendant. | ) |

Case No. CJ-2007-528

## PETITION

COMES NOW the Plaintiffs, David Brock ("Brock") and Peggy Brock ("Mrs. Brock") (collectively "Plaintiffs") and for their cause of action against this Defendant, would respectfully show this Honorable Court as follows:

### JURISDICTION AND VENUE

1. Plaintiffs are citizens of the State of Tennessee.

2. Defendant, Zurich American Insurance Company ("Zurich") is an insurance company with principal offices in the State of Illinois, and authorized to do business in the State of Oklahoma.

3. The policy of insurance which is the subject of this case was entered into in the State of Oklahoma.

4. Jurisdiction and venue are appropriate in this Honorable Court.

### INTRODUCTION

5. Plaintiffs hereby incorporate the allegations contained in Paragraphs 1 through 4 above.

6. Brock is a truck driver who, at all times relevant, worked as a truck driver on a contract basis with Melton Truck Lines ("Melton"), whose principal place of business, on information and belief, located in Tulsa, Oklahoma.

7. In connection with Brock's work relationship with Melton, Brock purchased an occupational insurance policy of insurance offered by Zurich (Policy No. OCA4847773) (hereinafter the "Policy"), a true and correct copy of which is attached hereto as Exhibit "A". Zurich is duly

EXHIBIT "C"

authorized under the laws of the State of Oklahoma to issue policies of insurance covering various casualties and events. Pursuant to the Policy, Brock became an insured of Zurich.

8. One of the coverages provided by the Policy related to on-the-job injuries which Brock might suffer in the course of his job responsibilities as a truck driver working for Melton.

9. Brock has at all time provided all consideration required by him pursuant to the Policy, including the timely payment of all premiums contemplated by the Policy. Brock has otherwise performed all other conditions required by the Policy.

10. On or about January 4, 2006, Brock suffered a traumatic injury to his head while loading his truck trailer in Perth Amboy, New Jersey. Brock suffered the head injury while in the active performance of his work under dispatch with Melton within the meaning of the Policy (the "First Claim").

11. Brock timely provided notice of his on-the-job injury which he suffered in connection with the First Claim.

12. After transporting his load to Laredo, Texas, Brock suffered a catastrophic stroke on January 8, 2006 while still in the active course of his job responsibilities with Melton (the "Second Claim"). Brock timely provided notice of his on-the-job injury suffered on _____ as contemplated by the Policy.

13. Despite knowing that Brock's physician a Board Certified neurologist in the State of Tennessee, has determined that Brock's stroke was directly caused by the head trauma which is the subject of the First Claim, and further, despite numerous demands, Zurich has failed and refused to cause a good faith investigation and adjustment of either the First Claim or the Second Claim and failed to provide Brock any of the policy benefits for which he contracted with Zurich.

14. Zurich has failed to pay medical bills and has failed to provide any disability income to Brock whatsoever in connection with either the First Claim or the Second Claim.

15. As of the filing of this lawsuit, Brock has gone several months without income and is now confronting the burden of thousand of dollars in medical bills. As a result of two on-the-job injuries, Brock cannot return to work.

16. Zurich has refused to respond to either of Brock's claims and is in utter disregard of its promises to provide benefits to Brock and his family.

17. Issuance by Zurich of the Policy to Brock created a contractual relationship between Brock and Zurich. Zurich was subject to the implied duty to act fairly and in good faith in order not to deprive Brock of the benefits of the Policy for which he timely paid all premiums as promised.

18. Zurich has no legitimate or arguable reason for refusing to provide benefits in connection with the First Claim. By refusing to accept the opinion of Brock's Board-Certified neurologist that Brock's stroke was causally connected to the head trauma suffered in connection with the First Claim, Zurich has no good faith reason to have failed to provide any policy benefits in connection with Brock's Second Claim.

19. Zurich's intentional refusal to pay Brock's valid claims is a breach of the implied in law duty of good faith and fair dealing and has operated to unreasonably deprive Brock and his family of the benefits of the Policy.

20. Zurich's conduct is malicious, intentional, oppressive and/or in reckless disregard of Brock's rights, pursuant to which Brock is entitled to an award of punitive damages within the meaning of 23 O.S. §9.1 et seq.

21. As a proximate result of Zurich's actions, Plaintiffs and their children have lost their home and have had to rely on the charity of family and friends in order to survive.

22. As a result of Zurich's actions, Plaintiffs have suffered extreme anxiety and emotional distress and have suffered economic, non-economic and consequential damages in amounts to be established at trial, but not less than $10,000.00.

## COUNT I

### BREACH OF CONTRACT

23. Plaintiffs hereby incorporate the allegations contained in Paragraphs 1 through 22 above.

24. Zurich's actions constitute a breach of contract within the meaning of Oklahoma law, pursuant to which Plaintiffs are entitled to recover money damages in amounts to ab established at trial, but not less than $10,000.00.

## COUNT II

### INSURANCE BAD FAITH

25. Plaintiffs hereby incorporate the allegations contained in Paragraphs 1 through 24 above.

26. Zurich's actions aforesaid, constitute a breach of its implied duty of good faith and fair dealing and insurance bad faith within the meaning of Oklahoma law, pursuant to which Plaintiffs are entitled to actual, consequential and punitive damages in amounts to be established at trial, but not less than $10,000.00.

WHEREFORE, premises considered, Plaintiffs respectfully request a money judgment against Defendant in amounts to be established at trial for their economic, non-economic, consequential and punitive damages and for such other and further relief as this Honorable Court might deem them entitled.

Respectfully submitted,

*[signature]*

Philip O. Watts, OBA #11000
210 Park Avenue, Suite 1110
Oklahoma City, OK 73102
Phone (405) 239-2177
Fax (405) 239-2822

ATTORNEY LIEN CLAIMED